{¶ 58} Although I agree with the outcome of Assignment of Error I, I respectfully dissent from the majority's reasoning therein. I find appellant's "suicide by cop" theory meets the definition of "diminished capacity." In State v. Wilcox (1982),70 Ohio St.2d 182, 199, the Supreme Court of Ohio described the defense of "diminished capacity" as an alternative or stop gap to faulty "not guilty by reason of insanity" law. "Diminished capacity" has been described by the Supreme Court of Ohio inState v. Huertas (1990), 51 Ohio St. 3d 22, 27-28, fn. 5, as follows:
 {¶ 59} "The `diminished capacity' defense has been defined by one commentator as arising when `a sane defendant's mental abnormality at the time of the crime prevented him from entertaining the specific mental state prescribed by statute. * * *' Arenella, The Diminished Capacity and Diminished Responsibility Defenses: Two Children of a Doomed Marriage (1977), 77 Colum.L.Rev. 827, 828. If asserted successfully in a jurisdiction where it is recognized, it `results in the reduction of the offense to one with a lesser maximum penalty which does not require proof of the specific intent at issue.' Id. at 829. For a more complete discussion of the diminished capacity defense, see Wilcox, supra, at 184-199, 24 O.O.3d at 286-294, 436 N.E.2d at 525-533."
 {¶ 60} Without contesting his sanity, appellant sought to prove his motive for shooting at the police officers was to get the police officers to shoot him, although appellant specifically denied shooting at the police officers. He argues his mental state at the time of the shooting was not a "knowingly" act but a mental defect.
 {¶ 61} I would find appellant was arguing diminished capacity, and therefore the trial court was correct in denying the evidence absent a not guilty by reason of insanity plea.
 {¶ 62} I also respectfully dissent from the majority's decision in Assignment of Error IV regarding the manifest weight of the evidence on the weapons under disability conviction. In ¶ 49, the majority finds appellant's prior conviction for the same offense alone is insufficient to find appellant guilty of the offense sub judice as the "trial court failed to address the issue as to whether the disability which resulted in appellant's conviction in 2002, was still extant at the time of the incident in this case." The authenticity of appellant's prior conviction was stipulated to by defense counsel. T. at 575-576; Plaintiff's Exhibit 26. The prior conviction in Carroll County was for the same offense, R.C. 2923.13(A)(4), and appellant did not prove he had been relieved of the disability. I would find this evidence alone is sufficient to support the conviction.
 {¶ 63} I would affirm the case in toto.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed, in part; and reversed, in part. Costs to be divided equally between the parties.